**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Donald BOLDIN, Lewis Crump, John Oscar Luck, Johnny Ray Moore, Jack W. Scarborough, Leonard Bonnell Steele, and Luis Rosendo Escobar, Defendants-Appellants.**

No. 84–8672.

United States Court of Appeals, Eleventh Circuit.

Sept. 27, 1985.

Alden W. Snead, Lawrenceville, Ga., for Crump.

E. Marcus Davis, Atlanta, Ga., for Luck.

Craig A. Gillen, Asst. U.S. Atty., Steven R. Wisebram, Atlanta, Ga., for U.S.

John Oliver Ellis, Jr., Federal Public Defender, Atlanta, Ga., for Scarborough.

P. Bruce Kirwan, Atlanta, Ga., for Steele.

Gino P. Negretti, Miami, Fla., for Escobar.

Eric Welch, Atlanta, Ga., for Moore.

Bobby D. Wilson, Atlanta, Ga., for Boldin.

Before VANCE and HATCHETT, Circuit Judges, and LYNNE *, District Judge.

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

HATCHETT, Circuit Judge:

This appeal requires that we determine whether the present prosecution of the appellants on Title 21 drug charges (substantive and conspiracy), RICO substantive charges, RICO conspiracy charges, Travel Act charges, and continuing criminal enterprise charges is barred because the appellants were formerly put in jeopardy or should have been prosecuted in earlier cases. Finding no double jeopardy bar, we affirm.

On January 19, 1984, a federal grand jury returned an indictment against thirty individuals for violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C.A. § 1962(c) and (d) (RICO), alleging substantive violations of and conspiracy to violate the statute, as well as various other substantive charges.[1] Appellants, Charles Boldin, Lewis Crump, Jack Scarborough, Leonard Steele, Luis Escobar, John Luck, and Johnny Moore filed motions to dismiss the RICO conspiracy and RICO substantive counts on the ground of double jeopardy.[2] Scarborough and Boldin also moved to dismiss the continuing criminal enterprise counts based on double jeopardy. Additionally, Boldin moved to dismiss the Travel Act count on the ground of double jeopardy. The magistrate denied the motions to dismiss the RICO conspiracy and RICO substantive counts without an evidentiary hearing, but held an evidentiary hearing on the continuing criminal enterprise counts. On July 17, 1984, the magistrate recommended denial of the motions to dismiss the continuing criminal enterprise counts.

On August 14, 1984, the district court adopted the magistrate's denial of requests for an evidentiary hearing on the RICO counts and the denial of motions to dismiss as to all counts. Upon the filing of appeals, court proceedings were stayed and appellants' trials were severed. Appellants appeal the district court's denial of their motions to dismiss based on double jeopardy grounds, the district court's failure to conduct an evidentiary hearing on the RICO charges, and the district court's manner of conducting the evidentiary hearing on the continuing criminal enterprise charges.

The indictment in this case (CR 84-14A) arises from four factual situations: (1) the prosecution of Scarborough and Steele in the Eastern District of Tennessee; (2) the prosecution of Boldin, Crump, Luck, and Moore in the Northern District of Georgia, Rome Division; (3) the prosecution of Escobar in the Northern District of Georgia, Gainesville Division; and (4) the investigations by federal and state drug enforcement officials in Tennessee and Georgia in 1982 and 1983.

The government prosecuted Scarborough and Steele for drug smuggling activities in the Rockwood, Tennessee, area for the period June 1 to July 11, 1982. *See United States v. Steele*, 727 F.2d 580, 583-85 (6th Cir.1984). During its investigation of the Rockwood, Tennessee, activities of Scarborough and others, the grand jury called Boldin as a witness. At that time, the government knew that Boldin had installed booster rockets used on the airplane that

---

1. Title 18 U.S.C.A. § 1962 (1984) provides in part:

Prohibited activities

(a) it shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce....

....

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

2. All appellants have raised double jeopardy claims; these claims will be treated together, except where some special circumstance requires separate treatment.

brought into Tennessee 1,254 pounds of cocaine, seized on July 11, 1982. Although the grand jury questioned Boldin about his relationship with Scarborough and others, Boldin was not indicted. After a trial which began on November 1, 1982, the jury convicted Scarborough of conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute. The jury convicted Steele of conspiracy to possess cocaine with intent to distribute.

The prosecution in the Northern District of Georgia, Rome Division, began with the arrest of Luck, Crump, Boldin, Moore, and others

> at or in close proximity of the LaFayette Municipal Airport in LaFayette, Georgia, in the early morning hours of October 25, 1982. A recently-landed plane and four automobiles were seized, and two of the automobiles seized on the airstrip contained duffle bags filled with 633 pounds of cocaine, wrapped in numerous plastic bags.

*United States v. Luck,* 560 F.Supp. 258, 260 (N.D.Ga.1983). The grand jury indicted these persons on October 28, 1982. Trial began December 1, 1982, and ended January 18, 1983, with the jury convicting Luck, Crump, and Moore of conspiracy to import, importation, conspiracy to possess, and possession of cocaine. The jury convicted Boldin of importing cocaine, but acquitted him of conspiracy to import, conspiracy to possess, and possession.

A grand jury indicted Luis Escobar in the United States District Court for the Northern District of Georgia, Gainesville Division for conspiracy to import marijuana and cocaine, and possession of cocaine with intent to distribute. A jury convicted Escobar on both counts.

These charges and convictions must be reviewed to determine whether the charges in this case are barred, in whole or in part, as to each appellant.

## ISSUES

All appellants contend that the district court erred in denying their motions to dismiss on double jeopardy grounds.[3] Specifically, appellants assert that the following counts are barred by double jeopardy:

3.

| Defendant | Present Indictment (No. CR 84–14A)· Counts/Offenses | Former Indictments Venue/Counts/Offenses |
|---|---|---|
| Boldin, Charles | Count I: RICO conspiracy on/about 9/30/81 to 1/19/84 (18 U.S.C.A. § 1962(d)) | Indictment No. CR 82–36R, N.D.Ga. Rome Div. |
| | Count II: RICO Substantive on/about 9/30/81 to 1/19/84 (18 U.S.C.A. § 1962(c)) | |
| | Count VIII: Continuing Criminal Enterprise (21 U.S.C.A. § 848) 9/30/81 – 1/19/84 | Count I: Conspiracy to import cocaine on/about 10/25/82 (21 U.S.C.A. § 963) |
| | Count IX: Importation of cocaine on/about 6/4/82 (21 U.S.C.A. § 952) | Count II: Importation of cocaine on/about 10/25/82 |
| | Count X: Importation of cocaine on/about 6/12/82 | Count III: Conspiracy to possess on/about 10/25/82 |
| | Count XI: Importation of cocaine on/about 6/19/82 | Count IV: Possession on/about 10/25/82 |
| | Count XVI: Possession w/intent to distribute on/about 6/4/82 (21 U.S.C.A. § 841(a)(1)) | Convicted on Count II; acquitted on Counts I, III, & IV |
| | Count XVIII: Possession w/intent to distribute on/about 6/20/82 | |
| | Count XXXV: Travel from Detroit to Lafayette, Georgia on/about 10/4/82 (18 U.S.C.A. § 1952) | |
| | Count XXXVII: Travel from Atlanta to Tampa on/about 10/6/82 (18 U.S.C.A. § 1952) | |

| Defendant | Present Indictment (No. CR 84–14A) Counts/Offenses | Former Indictments Venue/Counts/Offenses |
| --- | --- | --- |
| Crump, Lewis | Count I: RICO conspiracy<br><br>Count II: RICO substantive<br><br>Count IX: Importation on/about 6/4/82<br><br>Count XVI: Possession on/about 6/4/82<br><br>Count XVII: Distribution (21 U.S.C.A. § 841(a)(1)) | CR 82/36R N.D.Ga. Rome Div.<br><br>Count I: Conspiracy to import on/about 10/25/82<br>Count II: Importation on/about 10/25/82<br>Count III: Conspiracy to possess on/about 10/25/82<br><br>Count IV: Possession on/about 10/25/82<br>Convicted on all counts |
| Escobar, Luis | Count I: RICO conspiracy<br><br>Count II: RICO substantive<br><br>Count L: Travel from Ft. Lauderdale, Fla. to Blairsville, Ga. on/about 6/11/83 | CR 83–06G, N.D.Ga. Gainesville Div.<br><br>Count I: Conspiracy to import marijuana and cocaine on/about 5/6/83 to 6/11/83<br>Count II: Conspiracy to possess on/about 5/6/83 to 6/11/83<br>Convicted on Count I and acquitted on Count II |
| Luck, John | Count I: RICO conspiracy<br>Count II: RICO substantive<br><br>Count XXXVII: Travel from Atlanta to Tampa on/about 10/ɔ/82 | No. CR 82/36R N.D.Ga. Rome Div.<br>Count I: Conspiracy to import on/about 10/25/82<br>Count II: Importation on/about 10/25/82<br>Count III: Conspiracy to possess on/about 10/25/82<br>Count IV: Possession on/about 10/25/82<br>Convicted on all counts |
| Moore, Johnny | Count I: RICO conspiracy<br><br>Count II: RICO substantive | CR 82–36R N.D.Ga. Rome Div.<br><br>Count I: Conspiracy to import on/about 10/25/82<br>Count II: Importation on/about 10/25/82<br>Count III: Conspiracy to possess on/about 10/25/82<br>Count IV: Possession on/about 10/25/82<br>Convicted on all counts |
| Scarborough, Jack | Count I: RICO Conspiracy (18 U.S.C.A. § 1962(d))<br>Count II: RICO Substantive (18 U.S.C.A. § 1962(c))<br>Count VI: Continuing Criminal Enterprise (21 U.S.C.A. § 848) 9/30/81 – 1/19/84<br>Count IX: Importation of Cocaine on 6/4/82 (21 U.S.C.A. § 952)<br>Count X: Importation of Cocaine on 6/12/82<br>Count XI: Importation of Cocaine on 6/19/82 | Indictment No. CR–1–82–33 E.D. Tenn.<br><br>Count I: Conspiracy to possess w/intent to distribute on June 1 to July 11, 1982 (21 U.S.C.A. § 846)<br><br>Count II: Possession of cocaine w/intent to distribute on June 1 to July 11, 1982 (21 U.S.C.A. § 841(a)(1))/18 U.S.C.A. § 2<br><br>Convicted on both counts |

Boldin: Counts I, II, VIII, XXXV, and XXXVII.

Crump: Unspecified counts.

Escobar: Counts I, II, and LIV.

Luck: Counts I, II, and XII.

Moore: Counts I and II.

Scarborough: Counts I, II, and VI.

Steele: Counts I and II.[4]

Appellants also contend that the magistrate erred in the manner in which he conducted the evidentiary hearing on the CCE counts and erred in failing to hold an evidentiary hearing on the RICO counts. Additionally, Boldin claims that the Travel Act charges, Counts XXXV and XXXVII, are barred by collateral estoppel.

I. Double Jeopardy.

A. *RICO Substantive and RICO Conspiracy Counts.*

The double jeopardy clause of the fifth amendment forbids that "any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. Double jeopardy renders unconstitutional a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). In determining whether the double jeopardy clause bars retrial,

> [t]he applicable rule is that where the same act or transactions constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (citing *Gavieres v. United States,* 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489

| Defendant | Present Indictment (No. CR 84–14A) Counts/Offenses | Former Indictments Venue/Counts/Offenses |
|---|---|---|
| | Count XVI: Possession w/intent to distribute on/about 6/4/82 (21 U.S.C.A. § 841(a)(1)) | |
| | Count XVIII: Possession w/intent to distribute on/about 6/20/82 | |
| | Count XXIV: Use of telephone to further racketeering activity on/about 6/8/82 (18 U.S.C.A. § 1952) | |
| | Count XXVIII: Travel from Atlanta to Miami on/about 6/20/82 (18 U.S.C.A. § 1952) | |
| | Count XXXI: Travel from Florida to Marietta, GA on/about 7/8/82 (18 U.S.C.A. § 1952) | |
| Steele, Leonard | Count I: RICO Conspiracy | No. CR–1–82–33 E.D. Tenn. |
| | Count II: RICO substantive | Count I: Conspiracy to possess June 1 to July 11, 1982 |
| | Count XIII: Importation on/about 7/1/82 | Convicted |
| | Count XIV: Importation 2/11/83 | |
| | Count XXXII: Travel from Atlanta to Knoxville, TN 7/10/82 | |

---

**4.** Since Escobar is not named in Count LIV, we decline to review that count.

(1911). The *Blockburger* test is applied by analysis of the elements of the offense charged, not by focusing on the evidence adduced at trial. *United States v. Phillips,* 664 F.2d 971, 1006 (5th Cir. Unit B 1981) (citing *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187 (1977)). Similarly, a substantial overlap in the proof offered to establish the crimes is not a double jeopardy bar. *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *United States v. Garcia,* 718 F.2d 1528, 1536 (11th Cir.1983).

Appellants were formerly prosecuted for conspiracy to import (21 U.S.C.A. § 963), importation (21 U.S.C.A. § 952), possession with intent to distribute (21 U.S.C.A. § 841(a)(1)), and conspiracy to possess with intent to distribute (21 U.S.C.A. § 846).[5] They argue that the RICO counts in this case are barred by double jeopardy: (1) the same facts were used in their former prosecution for conspiracy to possess with intent to distribute and the present RICO counts; and (2) retrial for the conspiracy and substantive offenses of importation and possession constitutes multiple prosecutions for the same offense because they are lesser-included offenses of the RICO provisions.

### 1. Same Evidence Double Jeopardy.

■ The principal authority in this circuit defining when offenses may or may not be proved by the same evidence is *United States v. Phillips,* 664 F.2d 971, 1004–15 (5th Cir. Unit B 1981), *cert. denied, sub nom. Meinster v. United States,* 457 U.S. 1136, 102 S.Ct. 208, 73 L.Ed.2d 1354 (1982). In *Phillips* the court decided whether a RICO prosecution was barred on double jeopardy grounds where a defendant had been previously convicted of violating the continuing criminal enterprise statute. As to the present and prior conspiracy prosecutions in that case, the *Phillips* court noted that

> determining whether two conspiracies are in fact the same requires a more detailed inquiry than that required with respect to other offenses under the *Blockburger* test because the precise bounds of a single conspiracy are more difficult to determine.

*United States v. Phillips,* 664 F.2d at 1006 (footnote omitted). To test conspiracies for a double jeopardy violation, we must use the test applied by *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), and adopted by the *Phillips* court. In holding that a single narcotics conspiracy or agreement may constitute the separate offenses of conspiracy to import marijuana and conspiracy to distribute marijuana without violating the double jeopardy clause, the Supreme Court

---

**5.** Title 21 U.S.C.A. § 963 (1981) provides:
Attempt and conspiracy
Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
Title 21 U.S.C.A. § 952(a) (1981, Supp.1985) provides:
Importation of controlled substances
(a) ...
It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter....

Title 21 U.S.C.A. § 841(a)(1) (1981) provides:
Prohibited acts A
(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance ...
(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.
Title 21 U.S.C.A. § 846 (1981) provides:
Attempt and conspiracy
Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

focused on the distinct elements of each section, noting that each provision requires proof of a fact that the other does not and that each requires proof of a different objective of the agreement, and held that the *Blockburger* test was satisfied.

*United States v. Phillips*, 664 F.2d at 1007 (citing *Albernaz*, 101 S.Ct. 1137). Thus, present and prior prosecutions under separate conspiracy statutes deriving from a single conspiracy or agreement is to be tested by the *Blockburger/Albernaz* test: (1) whether each offense requires proof that the other does not; and (2) whether each offense requires proof of a different objective of the conspiratorial agreement. The *Blockburger* test (same elements of proof) is to be used to discern the double jeopardy bar of prior and present prosecutions for substantive drug offenses.

■ Our application of the *Blockburger/Albernaz* test to the conspiracy counts in this case shows no double jeopardy violation. Proof sufficient to prove a violation of the RICO conspiracy statute, 18 U.S.C.A. § 1962(d), requires that the government demonstrate (1) the existence of an agreement, (2) an overt act in furtherance of the conspiracy, (3) the existence of an enterprise affecting interstate or foreign commerce, (4) the defendant's association with the enterprise, (5) the defendant's participation in conducting the enterprise's affairs, and (6) that the defendant's participation was through a pattern of racketeering activity, indicated by the commission of at least two racketeering acts. *United States v. Bright*, 630 F.2d 804 (5th Cir.1980).

■ Section 963 of Title 21, the conspiracy to import statute, requires proof of (1) the existence of an agreement, (2) an overt act in furtherance of the conspiracy, (3) a controlled substance, (4) brought into the United States. *United States v. Miranda*, 593 F.2d 590, 596–97 (5th Cir.1979). Further, proof sufficient to prove a violation of section 846 of Title 21 requires that the government show (1) the existence of an agreement, (2) an overt act in furtherance of the conspiracy, (3) possession, (4) intent to distribute, and (5) a controlled substance.

■ A RICO conspiracy charge requires proof of at least two elements that sections 963 and 846 do not: (1) the existence of an "enterprise" as defined by 18 U.S.C.A. § 1961(4), and (2) a "pattern of racketeering activity" encompassing enumerated acts of "racketeering activity," both defined by section 1961.[6] Further, the RICO conspiracy charge requires proof of a different objective of the conspiratorial agreement. The object of the agreement contemplated by the RICO conspiracy statute is involvement in an enterprise which receives benefits from engaging in unlawful activity. The objects of the agreements in 963 and 846 charges are the achievement of unlawful activity: the importation of a controlled substance in 963 charges and possession with intent to distribute a controlled substance in 846 charges. Accordingly, appellants' present indictment for RICO conspiracy is not barred on the basis of double jeopardy by their prior prosecutions under sections 963 and 846. Further, under the *Blockburger* test, it is apparent that a substantive RICO count also requires proof of at least one element that 21 U.S.C.A. § 952(a) (importation of a con-

---

**6.** Title 18 U.S.C.A. § 1961 (1984) provides in part:

Definitions

As used in this chapter—

(1) "racketeering activity" means (A) any act or threat involving ... dealing in narcotic or other dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year;

. . . .

(4) "enterprise" includes any individual, partnership, corporation, association, or other

legal entity, and any union or group of individuals associated in fact although not a legal entity;

(5) "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity[.]

trolled substance) and section 841(a)(1) (possession of a controlled substance with intent to distribute) do not. Therefore, no double jeopardy violation exists in the current indictment charging appellants with substantive and conspiracy RICO violations based on the use of the same proof as prior conspiracy and substantive drug convictions.

■ Boldin also contends that his prosecution in this case under the Travel Act, 18 U.S.C.A. § 1952 (1984), is barred by his prior prosecution for the predicate offenses of substantive and conspiracy possession and importation.[7] This court has recently held that section 1952 and substantive RICO are not the same offenses for double jeopardy purposes. *United States v. Watchmaker,* 761 F.2d 1459 (11th Cir. 1985). We agree.

In *Watchmaker,* a motorcycle club was indicted for prostitution and drug offenses.

One appellant argued that his prior convictions on substantive and conspiracy Travel Act counts barred his present substantive RICO prosecution. The court applied the *Blockburger/Albernaz* test in analyzing the double jeopardy implications of the claim. We determined that Section 1952 requires elements that are not required in a Section 1961 prosecution: travel or use of interstate "facilities," and the distribution of proceeds through such facilities. The RICO statute requires proof of at least one element that Section 1952 does not; section 1952 requires the existence of an "enterprise," proof of which must be separate from the "pattern of racketeering activity" both statutes appear to require.[8]

2. Multiple Prosecution Double Jeopardy.

Scarborough, Luck, and Escobar argue that the present indictment subjects them

---

**7.** Title 18 U.S.C.A. § 1952 (1984) provides in part:

Interstate and foreign travel or transportation in aid of racketeering enterprises

(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—

(1) distribute the proceeds of any unlawful activity; or

(2) commit any crime of violence to further any unlawful activity; or

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined ... or imprisoned ... or both.

(b) As used in this section 'unlawful activity' means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act)....

**8.** This is perhaps the most important difference between Section 1952 and the RICO statute: the extent to which they are aimed at, and consequently require proof of, the independent existence and activity of an "enterprise." While 1952 refers to a "business enterprise," courts have tended to interpret the phrase as denoting an ongoing rather than sporadic course of criminal conduct. *See United States v. Davis,* 666 F.2d 195, 202 n. 10

(5th Cir. Unit B 1982) (term "business enterprise" as it is used in Section 1952 means a "continuous course of conduct, rather than sporadic casual involvement in a proscribed activity"); *United States v. Cozzetti,* 441 F.2d 344, 348 (9th Cir.1971) (same definition). The enterprise under Section 1961 is neither defined nor its existence established by its pattern of criminal conduct. A prosecutor must present evidence of "an ongoing organization, formal or informal ... [that] function[s] as a continuing unit," *United States v. Cagnina,* 697 F.2d 915, 920 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983), before he can demonstrate the predicate acts that make for continuous criminal activity. This difference in the conception and proof of an 'enterprise' also makes for a difference in the 'agreement' at which the statutes are aimed. Though the organization being prosecuted may be the same (as it was in appellant Hart's prosecutions), the agreement at which the prosecution is aimed in a Section 1952 violation is an agreement to engage in a continuous course of (prostitution) offenses (whose proceeds are distributed through interstate facilities); the agreement in a Section 1962 violation is to be part of an enterprise which supports itself and advances its interests through criminal activity. Because the instant statutes meet both prongs of the *Blockburger* test, the prosecution of the RICO violation does not violate appellant Hart's right against double jeopardy.

*Watchmaker,* 761 F.2d at 1468 (footnotes omitted).

to multiple prosecutions for the same offense. They contend that their prior prosecutions for conspiracy to possess (21 U.S. C.A. § 846) and possession with intent to distribute (21 U.S.C.A. § 841(a)(1)) are lesser included offenses of the RICO substantive and conspiracy counts. Their claim is essentially that the two prosecutions turn on similar facts and are thus barred by double jeopardy. Thus, we must determine whether conduct which violates two statutory provisions constitute multiple punishments prohibited by the double jeopardy clause.

■ Our inquiry turns on the determination of congressional intent. *Ward v. United States,* 694 F.2d 654, 661 n. 13 (11th Cir.1983); *United States v. Marable,* 578 F.2d 151, 154 n. 1 (5th Cir.1978) ("the Double Jeopardy Clause imposes few limits on the legislative power to define offenses. However, once Congress has defined the allowable unit of prosecution, that prescription determines the scope of protection afforded by a prior conviction.") To determine Congress's intent, we must engage in the multi-step analysis employed by the Supreme Court in *Albernaz v. United States,* 450 U.S. 333, 336–42, 101 S.Ct. 1137, 1140–44, 67 L.Ed.2d 275 (1981). The starting point is the language of the provisions. If the offenses charged are in different statutes or in distinct sections of a statute, and each section clearly authorizes punishment for a violation, it is inferred that Congress intended to authorize punishment under each provision. *Albernaz,* 450 U.S. at 336, 101 S.Ct. at 1140–1141. Next, we must determine whether the two offenses are sufficiently distinguishable from one another that a reasonable inference is that Congress intended to authorize multiple punishments. In making this determination, the *Blockburger* test is used; if the court finds that each offense requires proof of a fact that the other does not, it should presume that multiple punishments are authorized. *Albernaz,* 450 U.S. at 337–40, 101 S.Ct. at 1141–43. The final step is to examine this presumption against the legislative history to determine whether a contrary congressional intention exists. If

the legislative history either reveals an intent to authorize cumulation of punishments or is silent on the subject, the court should conclude that Congress intended to authorize multiple punishments. *Albernaz,* 450 U.S. at 340–42, 101 S.Ct. at 1142–43; *United States v. Marrale,* 695 F.2d 658, 662 (2d Cir.1982), *cert. denied,* 460 U.S. 1041, 103 S.Ct. 1435, 75 L.Ed.2d 793 (1983).

■ Through use of this multi-step analysis, we conclude that Congress intended multiple punishments (1) for the offenses of conspiracy and substantive importation and possession with intent to distribute, and (2) conspiracy and substantive RICO. The predicate offenses are not lesser included offenses in the RICO provisions. The two groups of offenses are set in distinct chapters of the United States Code and "are intended to deter two different kinds of activity: racketeering on the one hand and narcotics violations on the other." *United States v. Thomas,* 757 F.2d 1359 (2d Cir.1985). Further, there is unambiguous authorization for separate punishments under the two groups of statutes. "There is no ambiguity in the language of either [group of offenses] to intimate that punishment under that [group] was not authorized; and there is no suggestion in the language that either [group] supersedes or is subordinate to the other." *United States v. Marrale,* 695 F.2d at 662. We infer, therefore, that Congress intended to authorize punishment under each group's provisions. Further, application of the *Blockburger/Albernaz* test and the *Blockburger* test shows that the two groups of offenses are sufficiently different and distinguishable to support our conclusion that it is reasonable to infer that Congress intended to authorize multiple punishments.

Finally, we conclude that the presumption that Congress authorized multiple punishments for the predicate drug offenses and the RICO offenses is justified by the silence in the legislative history on this point. *See United States v. Marrale,* 695

F.2d at 662. The legislative history of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513 (Oct. 27, 1970), shows that the purpose behind enactment of these criminal penalties for narcotic trafficking was to "deal in a comprehensive fashion with the growing menace of drug abuse by providing for an overall balanced scheme of criminal penalties for offenses involving drugs." H.R. Rep. No. 91–1444, 91st Cong., 2d Sess. *reprinted in* 1970 U.S.Code Cong. & Ad. News 4566, 4567. The bill was to "provide severe criminal penalties for persons engaged in illicit manufacture or sale of controlled drugs primarily for the profits to be derived therefrom." 1970 U.S.Code Cong. & Ad.News at 4575. The bill sought to provide greater flexibility to prosecutors and the courts in obtaining the deterrent objective of the statute through elimination of minimum mandatory sentences. 1970 U.S.Code Cong. & Ad.News at 4576.

The legislative history of the RICO provisions is silent on the subject of cumulative punishments. Organized Crime Control Act of 1970, Pub.L. 91–452, H.R.Rep. No. 91–1549, 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Ad.News 4007, 4010. Therefore, we hold that appellants' claims of double jeopardy based on multiple punishments are without merit because Congress has authorized such multiple punishments.

### B. Continuing Criminal Enterprise Counts.

Boldin and Scarborough contend that their prior convictions under section 846 bar their successive prosecution for a continuing criminal enterprise offense.[9] Specifically, they contend that (1) section 846 is a lesser included offense of section 848, and (2) with the exercise of due diligence, the government should reasonably have been aware of all the facts necessary to indict Boldin and Scarborough for continuing criminal enterprise offenses at the time of their prior indictments. *See United States v. Stricklin*, 591 F.2d 1112 (5th Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979).

#### 1. Lesser-Included Claim.

■ To prove a violation of Title 21, section 848, the government must show (1) a felony violation of the federal narcotics laws (2) as part of a continuing series of violations (3) in concert with five or more persons (4) for whom the defendant is an organizer or supervisor (5) from which he derives substantial income or resources.

■ Boldin and Scarborough are correct in suggesting that the double jeopardy clause bars a prosecution under section 848 where the predicate felony violation was a section 846 conspiracy and the section 848 prosecution is based on the "same criminal agreement." *United States v. Stricklin*, 591 F.2d at 1123; *United States v. Phillips*, 664 F.2d 971, 1008 (5th Cir. Unit B 1981). The *Stricklin* court, however, also held that in some situations double jeopardy will not bar use of a section 846 conviction as a predicate offense under a section 848 prosecution:

The attachment of jeopardy to one conspiracy prosecution under § 846 does not

---

9. Title 21 U.S.C.A. § 848 (1981, Supp.1985) provides in part:

Continuing criminal enterprise

(a) Penalties; forfeitures

Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment....

. . . .

Continuing criminal enterprise defined

(b) For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

insulate a defendant from prosecution for conducting a continuing criminal enterprise in violation of § 848 *if the government has evidence of a separate conspiracy with which to satisfy the 'in concert' element of § 848.*

*United States v. Stricklin,* 591 F.2d at 1124 (emphasis added). For the government to validly prosecute a section 848 offense after an 846 conviction without invoking the double jeopardy bar, it must prove a newly-discovered conspiracy to satisfy the collaboration with five or more persons requirement; the government may use the prior section 846 conviction as the threshold offense.

■ The present prosecution of Boldin and Scarborough under section 848 is not barred by double jeopardy. Boldin was previously prosecuted for violation of sections 963, 952, 846, and 841(a)(1). The jury convicted him only of the importation of cocaine count. Scarborough was previously convicted under sections 846 and 841(a)(1). The time frame for the overt acts encompassed by Scarborough's section 846 offense began on or about June 1, 1982, and continued up to and including July 11, 1982, "in the Eastern District of Tennessee and elsewhere." The present indictment (CR–84–14A) charges Scarborough in Count VI and Boldin in Count VIII with continuing criminal enterprise violations. These counts refer to substantive drug offenses identified in other counts: Count II—importations of cocaine on or about June 4, 5, 16, 20, 1982; July 10, 11, 1982; August, 1982; Fall, 1982; October 8, 1982; December 14, 22, (and other dates), 1982; February 1, 1983; March 18, 1983; September 26, 1983; Count IX—importation on June 4, 1982; Count X—importation on June 12, 1982; Count XI—importation on June 19, 1982; Count XII—importation on October 24, 1982; Count XVI—possession with intent to distribute on June 4, 1982; Count XVIII—possession with intent to distribute on June 20, 1982.

Any section 846 conspiracy for which Boldin or Scarborough was subject to prior jeopardy cannot be used by the government in the present prosecution to satisfy the collaboration requirement of section 848. Where the prior conviction is for a substantive Title 21 offense, these limitations do not apply. Where the prior conviction is for a substantive drug offense, this court has held that "Title 21 does not constitute a lesser-included offense of § 848 and thus double jeopardy does not attach to the underlying offense so as to bar a subsequent § 848 prosecution." *United States v. Garrett,* 727 F.2d 1003, 1009 (11th Cir.1984). The United States Supreme Court has affirmed our holding stating:

Quite obviously the CCE offense is not, in any commonsense or literal meaning of the term, the "same" offense as one of the predicate offenses. The CCE offense requires the jury to find that the defendant committed a predicate offense, and in addition that the predicate offense was part of a continuing series of predicate offenses undertaken by the defendant in concert with five or more other persons, that the defendant occupied the position of an organizer or manager, and that the defendant obtained substantial income or resources from the continuing series of violations.

*Garrett v. United States,* —— U.S. at ——, 105 S.Ct. at 2415, 85 L.Ed.2d 764.

Having concluded that Congress intended the CCE to be a separate offense and that it does not violate the Double Jeopardy Clause under the facts of this case to prosecute the CCE offense after a prior conviction for one of the predicate offenses, the only remaining issue is whether the Double Jeopardy Clause bars cumulative punishments.

*Garrett v. United States,* —— U.S. at ——, 105 S.Ct. at 2419, 85 L.Ed.2d 764.

As to Boldin, who was acquitted of the section 846 charge, the government is barred from using that conspiracy charge and its evidence as satisfaction of the predicate offense requirement in section 848. The government may, however, use Boldin's conviction for importation as a predicate section 848 offense. The section 848 count as to Boldin, therefore, is not barred

simply because he was charged with but acquitted of the 846 charge. As to Scarborough, his section 846 conviction does not bar his prosecution under 848. We hold that the double jeopardy clause does not bar the government's present prosecution of Boldin and Scarborough under section 848.

### 2. Due Diligence.

■ This holding, however, does not preempt appellants' other argument that the government subjects them to multiple prosecutions because, in the exercise of due diligence, it knew or should have known of the appellants' participation in a continuing series of violations of section 848. *Jeffers v. United States*, 432 U.S. 137, 152, 97 S.Ct. 2207, 2217, 53 L.Ed.2d 168 (1977); *United States v. Stricklin*, 591 F.2d at 1124. Upon careful review of the evidentiary hearing on the continuing criminal enterprise counts, including the *in camera* presentation, we conclude that the district court did not abuse its discretion in finding that the government did not in the exercise of due diligence have sufficient information to indict Boldin and Scarborough at the time of their prior prosecutions for the current section 848 violations.

Prior to the Tennessee arrests, the most that the government knew about Boldin was that he had some relationship with Scarborough regarding the Rockwood, Tennessee, suspicious marijuana activities. His questioning by the Tennessee grand jury did not raise those suspicions into probable cause that Boldin was indictable for the Tennessee activities. Prior to the Tennessee trial in July, 1982, evidence exists that David Warren, a pilot, gave information to Scott, an informant, that Boldin was substantially involved in the Tennessee case as well as in three other cocaine loads. No evidence exists to show that the district court's implicit finding that this information was not communicated to the government is clearly erroneous. Warren did not begin cooperating with the government until February, 1983.

Further, William Vickery, a pilot, who provided substantial information on the roles of Rosenthal and Boldin in importation schemes in the Florida, Georgia, and Tennessee areas, did not begin to cooperate with the government until after the Rome prosecution ended on January 18, 1983. The government in the exercise of due diligence did not have sufficient information to indict Boldin and Scarborough for a section 848 violation at the time of their prior prosecutions in 1982.

We hold, therefore, that the district court did not err in denying the motions to dismiss the continuing criminal enterprise counts.

### II. The *Stricklin* Double Jeopardy Hearing.

Appellants claim error in the magistrate's decision, adopted by the district court, not to hold an evidentiary hearing on the RICO double jeopardy claims and in his conduct of the evidentiary hearing on the continuing criminal enterprise double jeopardy claims. Appellants contend that it was (1) error for the magistrate to limit the questioning in the continuing criminal enterprise evidentiary hearing to the subject of what the government knew about Boldin and Scarborough and when, and (2) the *in camera* presentation deprived appellants' counsels of the opportunity to examine the due diligence issue in depth.

Appellants' claims are without merit. First, the magistrate did not err in failing to hold an evidentiary hearing on the motions to dismiss the RICO counts on the ground of double jeopardy because as a matter of law, the prior prosecutions for Title 21 offenses are not lesser included offenses of the RICO statutes. See "I.A." above. Thus, a factual determination is not necessary.

■ Second, the issue at the evidentiary hearing on the continuing criminal enterprise claim was whether in the exercise of due diligence the government knew or should have known sufficient facts to indict Boldin and Scarborough for a section 848 violation. It was, therefore, not error for

the magistrate to focus the testimony and the evidence submitted at the hearing at resolving that basic issue. Further, *Stricklin* provides that

> [a]lthough the government may not be forced to reveal to the defendant any materials or information not otherwise available for discovery or other means, it might choose to submit such material to the District Court for *in camera* inspection and might thus carry its burden of persuasion.

*United States v. Stricklin*, 591 F.2d at 1119. The government made its *in camera* presentation relevant to the due diligence issue. We have reviewed the transcript and find no abuse of discretion in allowing the government to carry its burden through presentation *in camera*.

Discussion of timing in the United States Supreme Court's *Garrett* opinion proves the correctness of the magistrate's focus on when the government knew what.

### III. Collateral Estoppel.

 As a final claim Boldin contends that the current Travel Act counts XXXV and XXXVII are barred by collateral estoppel. To determine whether that doctrine applies as a bar, we must find (1) what facts were necessarily determined in the prior case and (2) whether the government is attempting to relitigate facts necessarily established against it in the prior case. *United States v. Whittaker*, 702 F.2d 901, 903 (11th Cir.1983). Essential to this inquiry is knowing what facts the government will employ at trial under the Travel Act counts. In a complex drug conspiracy case such as this, it is impossible to anticipate the government's case with the specificity required for decision of the collateral estoppel issue. We leave determination of this issue to the district court after evidence is presented or reviewed.

### CONCLUSION

We hold, therefore, that (1) the RICO substantive and conspiracy counts are not barred by double jeopardy under either a same evidence analysis or a multiple punishment analysis; (2) the continuing criminal enterprise counts are not barred under double jeopardy under either a lesser-included offense analysis or a due diligence analysis; (3) the district court did not commit error in declining to hold an evidentiary hearing on the RICO double jeopardy claims, in limiting the testimony to the government's knowledge of Scarborough's and Boldin's drug activities, and in allowing the government to make an *in camera* presentation of its due diligence evidence; and (4) the collateral estoppel claim is premature.

AFFIRMED.