831 F.2d 1058
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Murray BROWN, a/k/a Willie Brown, Defendant-Appellant.
 No. 87-7052.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 25, 1987.
Decided Oct. 15, 1987.
 
 D.S.C.
 AFFIRMED.
 Appeal from the united States District Court for the District of South Carolina, at Florence. Clyde H. Hamilton, District Judge. (C/R No. 84-229).
 William Murray Brown, appellant pro se.
 Cameron Bruce Littlejohn, Jr., Office of U.S. Attorney, for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William Murray Brown, a federal inmate, appeals the denial of his motion to correct an illegal sentence under Federal Rule of criminal Procedure 35 (a). We affirm the district court's order.
 
 
 2
 Brown was convicted of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. Sec. 848, and was convicted of other narcotics charges as well after a month-long trial with numerous co-defendants. For his Sec. 848 conviction, Brown received the minimumsentence of ten years.
 
 
 3
 Brown maintains in his motion that his sentence for the Sec. 848 conviction is illegal because the evidence was insufficient to support a conviction. This claim is not cognizable in a motion under Rule 35 (a). Hill v. United States, 368 U.S. 424, 430 (1962). However, his motion may be liberally construed as a motion brought under 28 U.S.C. Sec. 2255. United States v. Santora, 711 F.2d 41 (5th Cir. 1983). We may, therefore, consider it on the merits.
 
 
 4
 The basis of Brown's claim is that because one of his co-defendants was acquitted, the goverriment did not prove that he acted in concert with five other persons as an organizer, manager or supervisor of the continuing criminal enterprise as required by the statute. United States v. Boldin, 772 F.2d 719 (11th Cir. 1985), cert. denied, 54 U.S.L.W. 3583 (March 3, 1986) . The acquitted co-defendant, Brown maintains, was the necessary fifth person. However, a review of the record in this case reveals that the government presented evidence of many occasions on which Brown acted in concert with five or more people, excluding the acquitted co-defendant, as an organizer or manager of the criminal enterprise. The evidence against Brown was sufficient for a rational jury to find him guilty beyond a reasonable doubt under Sec. 848. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 5
 Accordingly, we affirm the order of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 AFFIRMED.