**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 98-4154

JERRY ANTONIO WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-97-355-WMN)

Argued: May 7, 1998

Decided: August 27, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Judge Murnaghan and Senior Judge Butzner joined.

_____

**COUNSEL**

**ARGUED:** Fred Warren Bennett, BENNETT & NATHANS, L.L.P.,
Greenbelt, Maryland, for Appellant. Jamie M. Bennett, Assistant
United States Attorney, Baltimore, Maryland, for Appellee. **ON
BRIEF:** Walter McCord, Baltimore, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Robert R. Harding, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Jerry Antonio Williams appeals an order of the district court denying his motion to dismiss the indictment against him on double jeopardy grounds. Finding no error, we affirm.

I.

Williams was indicted with numerous others in criminal action number 96-0458 ("the previous indictment") in the United States District Court for the District of Maryland on charges of conspiracy to kidnap and murder Elway Williams in aid of racketeering, see 18 U.S.C.A. § 1959(a)(5) (West Supp. 1998); conspiracy to retaliate against witnesses, see 18 U.S.C.A. #8E8E # 371, 1513(a) (West 1966 & Supp. 1998); and conspiracy to distribute heroin and cocaine, see 21 U.S.C.A. § 846 (West Supp. 1998). These charges stemmed from Williams' involvement in the "Jones organization," a narcotics distribution ring in the Baltimore, Maryland area. One of the overt acts of the alleged conspiracy to retaliate against witnesses was the murder of John Jones. Williams was convicted of all charges and sentenced to life imprisonment.

Approximately one week before trial commenced on the previous indictment, the Government obtained an indictment in criminal action number 97-0355 ("the current indictment") charging Williams with conspiracy to commit murder in aid of racketeering, see 18 U.S.C.A. § 1959(a)(5); and with murder in aid of racketeering, see 18 U.S.C.A. § 1959(a)(1) (West Supp. 1998). Both counts related to the murder of John Jones. Following his conviction on the charges in the previous indictment, Williams moved to dismiss the current indictment on double jeopardy grounds, maintaining that he had already been prosecuted for his participation in the Jones organization generally and for the murder of John Jones in particular. After the Government dismissed the conspiracy count of the current indictment, the district court denied the motion to dismiss. Williams now appeals.

II.

The Double Jeopardy Clause of the Fifth Amendment provides that no one shall "be subject for the same offence to be twice put in jeop-

2

ardy of life or limb." U.S. Const. amend. V. Among the protections provided by this Clause is the assurance that a criminal defendant will not be subjected to "repeated prosecutions for the same offense." Oregon v. Kennedy, 456 U.S. 667, 671 (1982). In determining whether a successive prosecution is for the same offense as a previous one, the court should apply the test established in Blockburger v. United States, 284 U.S. 299, 304 (1932). See United States v. Dixon, 509 U.S. 688, 696 (1993). Under the Blockburger standard, successive prosecutions do not violate the Double Jeopardy Clause if "each offense contains an element not contained in the other." Dixon, 509 U.S. at 696.

There is no dispute that Blockburger does not prohibit successive prosecution on the charges related to the murder of Jones in the previous and current indictments--conspiracy to retaliate against Government witnesses and murder in aid of racketeering. See United States v. Felix, 503 U.S. 378, 387-92 (1992) (holding that the Double Jeopardy Clause does not bar successive prosecutions for a conspiracy and a substantive offense alleged as an overt act of the conspiracy). Williams contends, however, that the Blockburger analysis is only the starting point in assessing a double jeopardy claim. According to Williams, principles of double jeopardy prohibit his prosecution irrespective of Blockburger because trial on the current indictment would require presentation of the same evidence as that used in the previous trial; the charge of murder in aid of racketeering in the current indictment is a type of lesser-included offense of the charge of conspiracy to commit murder in aid of racketeering of which Williams has already been convicted; the Government failed to exercise due diligence; and the previous and current indictments allege the same racketeering enterprise. We address these arguments in turn.

A.

Williams first maintains that a successive prosecution otherwise permissible under Blockburger is barred if it is based on facts and evidence presented in a previous prosecution. As support for this proposition, Williams relies on Rashad v. Burt, 108 F.3d 677 (6th Cir. 1997), cert. denied, 118 S. Ct. 850 (1998). In Rashad, the Sixth Circuit held that successive state prosecutions for possession with intent to deliver narcotics violated the Double Jeopardy Clause regardless of

3

the Blockburger test, concluding that although the drugs on which the respective prosecutions were based were discovered during separate searches of the defendant's home and automobile, the possession of them was part of a single transaction. The court reasoned:

> [T]he Blockburger test is insufficient where, as here, the concern is not multiple charges under separate statutes, but rather successive prosecutions for conduct that may constitute the same act or transaction. Indeed, multiple charges that satisfy the Blockburger standard, and thus may properly be joined in a single prosecution, may nevertheless violate double jeopardy if prosecuted successively. Jordan v. Commonwealth of Virginia, 653 F.2d 870, 873 (4th Cir. 1980)....
>
> ... [In this situation, t]he proper standard ... is to ask whether the actual evidence needed to convict the defendant in the first trial is the same as the evidence needed to obtain the second conviction. If the same evidence will serve for both convictions--irrespective of whether the convictions are under statutes that satisfy Blockburger's "same elements" test--the second prosecution is barred by double jeopardy.

Rashad, 108 F.3d at 679-80. Our decision in Jordan, on which the Sixth Circuit relied, involved a similar scenario. There, the defendant was prosecuted twice--first for obtaining a drug by means of a forged prescription, then for possessing a controlled substance--based on a single sequence of events in which the defendant obtained a drug with a forged prescription and then was observed in a parking lot in possession of the drug. See Jordan, 653 F.2d at 871-72. This court held that the successive prosecutions violated the Double Jeopardy Clause even though the two charged offenses satisfied Blockburger, reasoning that a defendant should "not be required to run essentially the same gauntlet" twice. Id. at 873.

Based on these decisions, Williams asserts that because trial on the current indictment would involve presentation of the same facts and evidence as produced in the previous trial, prosecution is constitutionally impermissible. The Supreme Court, however, repeatedly has rejected the notion that a successive prosecution is barred by the Dou-

4

ble Jeopardy Clause merely because it involves the same transaction or the same evidence that was the subject of a previous prosecution. See, e.g., Dixon, 509 U.S. at 705 (noting that while "[t]he collateral-estoppel effect attributed to the Double Jeopardy Clause may bar a later prosecution for a separate offense where the Government has lost an earlier prosecution involving the same facts," nothing in the Constitution requires the Government to charge all offenses arising from the same factual predicate in a single prosecution (citation omitted)); Felix, 503 U.S. at 386 (stating that "our precedents hold that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation"); Garrett v. United States, 471 U.S. 773, 790 (1985) (observing that the Court has "steadfastly refused to adopt the `single transaction' view of the Double Jeopardy Clause").

To the extent that our prior decision in Jordan requires a different result, its holding is clearly undermined by the more recent Supreme Court decisions in Dixon, Felix, and Garrett. Accordingly, we are not bound to follow it. See Hoffman v. Hunt, 126 F.3d 575, 584 (4th Cir. 1997) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks omitted)), cert. denied, 66 U.S.L.W. 3755, 3757 (U.S. May 26, 1998) (No. 97-1322). And, although Rashad was decided after Dixon, we find its reasoning to be inconsistent with a wealth of Supreme Court authority and therefore decline to follow it.

B.

Williams next contends that even if successive prosecutions based upon the same evidence do not violate the Double Jeopardy Clause, prosecution on the current indictment nevertheless is constitutionally impermissible because the current charge of murdering John Jones in aid of racketeering is "a species of a lesser-included offense" of the previously charged crime of conspiracy to commit kidnaping and murder in aid of racketeering. Brief of Appellant at 22 (internal quotation marks omitted) (citing Illinois v. Vitale, 447 U.S. 410, 420-21 (1980)). Williams asserts that because evidence of Jones' murder was introduced as part of the proof of the racketeering enterprise charged in the previous indictment, the jury necessarily determined his guilt

5

with respect to the murder of Jones, therefore barring reprosecution for that offense.[1]

In support of this argument, Williams relies on Harris v. Oklahoma, 433 U.S. 682 (1977) (per curiam), in which the Supreme Court held that the Double Jeopardy Clause precluded the State of Oklahoma from prosecuting a defendant for robbery with a firearm after convicting him of felony murder, when robbery with a firearm was the underlying felony. See id. at 682-83. Williams reads Harris as holding that the Government may not bring a successive prosecution when a previous conviction rested in part on conduct sought to be charged in the later prosecution. In Dixon , however, the Court squarely rejected this reading of Harris. See Dixon, 509 U.S. at 706-07 (concluding that Harris focused only on the elements of the offenses charged, not on the conduct underlying the charges). Harris thus provides no support for Williams' argument.

C.

Williams also argues that the Double Jeopardy Clause bars prosecution on the current indictment because the Government failed to exercise due diligence in charging him with the murder of John Jones. Williams points out that the Government knew all of the facts necessary to prosecute him on the current indictment prior to trial on the previous indictment. Under these circumstances, Williams contends, the Government should have been required to bring all charges against him in a single proceeding. We disagree.

The Supreme Court has indicated that an exception to the double jeopardy bar may exist when a state seeks to prosecute a defendant following a prosecution for a lesser included offense if "the State

_____

[1] Williams' argument is strikingly similar to the position adopted by the Supreme Court in Grady v. Corbin, 495 U.S. 508, 510 (1990) (holding "that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted"). Grady, however, has been overruled. See Dixon, 509 U.S. at 703-12 (describing Grady as "wrong in principle" and "unstable in application").

6

[was] unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge [had] not occurred or [had] not been discovered despite the exercise of due diligence." Brown v. Ohio, 432 U.S. 161, 169 n.7 (1977); see Jeffers v. United States, 432 U.S. 137, 151-52 (1977) (opinion of Blackmun, J.). Thereafter, a panel of the Eleventh Circuit stated in dicta that the inverse of this rule also applies, so that a successive prosecution that otherwise would be permissible under Blockburger is precluded if, in the exercise of due diligence, "the government`knew or should have known of the'" facts necessary to support the second prosecution during the first trial. United States v. Reed, 980 F.2d 1568, 1580 (11th Cir. 1993) (quoting United States v. Boldin, 772 F.2d 719, 732 (11th Cir. 1985)). Williams urges us to adopt this rule and hence to conclude that the Government's lack of diligence forecloses prosecution on the current indictment.

We decline to follow Reed. In the first place, nothing in Brown or Jeffers suggests that the potential exception to the double jeopardy bar identified in those cases would also operate to prohibit a successive prosecution. Moreover, a subsequent panel of the Eleventh Circuit has rejected the very argument accepted by the Reed panel:

> In the present case the District Court applied the due diligence concept to preclude a second prosecution which he had already decided was not barred by double jeopardy. This is precisely the reverse order of the correct application of the doctrine. The Double Jeopardy Clause does not preclude bringing in a second action any charge which might have been brought in the first action. Rather, it only precludes those which must have been brought in the first or be forever lost. The due diligence doctrine provides an exception in this latter situation. Thus, it follows, that if the government need not have brought all of its charges in the first action, there was nothing for it to be diligent about.

United States v. Maza, 983 F.2d 1004, 1008 (11th Cir. 1993).**2** We find this reasoning persuasive.

_____

**2** **Maza** did not cite Reed. However, Maza did discuss UnitedStates v. Boldin, 772 F.2d 719, 732 (11th Cir. 1985), on which Reed relied. Maza rejected as dicta language in Boldin indicating that the Government's lack of diligence may bar an otherwise permissible successive prosecution. See Maza, 983 F.2d at 1008 n.8.

7

D.

Finally, Williams maintains that prosecution on the current indict-ment is prohibited by the Double Jeopardy Clause because both the previous and current indictments charge his involvement in the same racketeering enterprise. In support of this position, Williams points to cases holding that a successive prosecution for violation of 18 U.S.C.A. § 1962 (West 1984 & Supp. 1998) is constitutionally per-missible when either the racketeering enterprise or the pattern of rack-eteering activity differs from that charged in a previous indictment. See United States v. Pungitore, 910 F.2d 1084, 1113 (3d Cir. 1990); United States v. Russotti, 717 F.2d 27, 33 (2d Cir. 1983). These cases are inapposite, however, because--as Williams concedes--none of the offenses with which Williams was charged in the previous and current indictments requires proof of a pattern of racketeering activ-ity. Accordingly, we decline to reverse the district court on this basis.

III.

For the reasons set forth above, we conclude that the district court correctly determined that prosecution of Williams on the current indictment is not barred by the Double Jeopardy Clause. Accordingly, we affirm.

AFFIRMED

8