**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 98-4887

COLEEN ALLIEFIER SEXTON, a/k/a
Lynn Carraway, a/k/a Colleen
Sexton,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 98-4893

JERRY JEFFERSON SEXTON, a/k/a Jim
Smith, a/k/a George Thompson,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-97-361)

Submitted: June 30, 1999

Decided: September 24, 1999

Before NIEMEYER and KING, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Joseph Condon, Jr., Charleston, South Carolina; Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerry and Coleen Sexton appeal the district court's order granting in part and denying in part their motions to dismiss the indictment against them based on the alleged violation of their double jeopardy rights. Finding no error, we affirm.

The basic facts of this case are straightforward and undisputed. The Sextons were arrested in Virginia on March 31, 1996. Subsequent searches of their persons and vehicle resulted in the seizure of approximately 668 grams of cocaine, 21 grams of amphetamines, and three firearms. The Sextons were ultimately convicted of various drug and firearms offenses in the Western District of Virginia, and this court affirmed their convictions and sentences.[1] The search of the Sextons' vehicle also resulted in the discovery of a receipt for a storage facility in South Carolina. Law enforcement officers in South Carolina obtained a search warrant for the storage facility and a trailer Jerry Sexton had parked on the property. During the search, officers seized approximately 24 grams of cocaine, drug paraphernalia, ten firearms, a silencer, and 5,000 rounds of ammunition. The Sextons were then

_____

[1] See **United States v. Sexton**, Nos. 97-4862/4863 (4th Cir. May 10, 1999).

2

indicted in South Carolina on additional drug and firearms charges. They sought to have the district court in South Carolina dismiss this indictment, alleging that their double jeopardy rights were being violated because the items seized at the storage facility were used against them during their trial in Virginia. The district court in South Carolina dismissed two of the counts in the indictment, finding that they violated the Sextons' double jeopardy rights. The court denied the Sextons' motions as to the other counts, finding that the charges were based on different facts and circumstances.

We review the district court's order denying the Sextons' double jeopardy claims de novo. See United States v. Imngren, 98 F.3d 811, 813 (4th Cir. 1996). The Sextons bear the initial burden of raising the double jeopardy issue and making a non-frivolous showing that the South Carolina indictment charges them with offenses for which they were previously placed in jeopardy. See United States v. Ragins, 840 F.2d 1184, 1191-92 (4th Cir. 1988). We find that the Sextons have satisfied this requirement, and, therefore, the burden shifts to the Government to show by a preponderance of the evidence that the South Carolina indictment charges separate offenses. See Ragins, 840 F.2d at 1192. We find that the Government satisfied its burden.

In short, the Sextons were charged in the Virginia indictment with possession of cocaine and amphetamines with intent to distribute on the day of their arrest; carrying a firearm during and in relation to a drug trafficking offense on the day of their arrest; **2** conspiring to possess with intent to distribute and to distribute cocaine and marijuana from 1994 until the date of their arrest; conspiring to use or carry firearms during and in relation to drug trafficking offenses from 1994 until the date of their arrest; and possession of an unregistered firearm, which had been seized during the search of their vehicle. In addition, Jerry Sexton was charged with being a felon and a fugitive in possession of firearms on the date of his arrest. The remaining counts of the South Carolina indictment charge the Sextons with using or carrying firearms during drug trafficking offenses in South Carolina between February and April 1996. In addition, Jerry Sexton is charged with being a felon and a fugitive in possession of the firearms found at the storage facility and possession of an unregistered

_____

**2 See** 18 U.S.C. § 924(c) (1994).

machine gun, which was also found during the search of the storage facility.

During the Sextons' trial in Virginia, the prosecutor introduced evidence concerning the firearms discovered in South Carolina and various drug transactions, some involving firearms, which also occurred in South Carolina. The Sextons allege that this evidence was used to obtain their Virginia convictions and, therefore, cannot be used to support the charges in the South Carolina indictment. We disagree.

The transcript of the Virginia trial clearly shows that the South Carolina evidence was introduced solely for the purpose of establishing that the conspiracies existed, and the district judge gave a proper limiting instruction. Contrary to the Sextons' allegations, the conspiracies did not serve as the predicate offenses for the § 924(c) or the felon/fugitive in possession charges. The prosecutor in the Virginia trial made it clear, both during trial and in closing argument, that the drugs and firearms which formed the bases of these charges were only those which were discovered on the Sextons' persons and in their vehicle at the time of their arrest. The prosecutor in South Carolina informed the district court there that the § 924(c) and the felon/fugitive in possession charges in South Carolina were based solely on the drugs and firearms found at the storage facility and on drug transactions which occurred in South Carolina.

In conclusion, our review of the record shows that the § 924(c) and the felon/fugitive convictions in Virginia were based solely on evidence obtained at the time of the Sextons' arrest and not on any South Carolina evidence. Although the § 924(c) and felon/fugitive in possession charges in South Carolina may be based on some of the evidence which was used to obtain the conspiracy convictions in Virginia, these are different offenses,**3** and nothing in the Constitution prohibits the Government from using the same evidence to prove different offenses. See United States v. Williams , 155 F.3d 418, 420-22 (4th Cir.), cert. denied, ___ U.S. ___, 119 S.Ct. 626 (1998). We reject

_____

**3 See United States v. Felix**, 503 U.S. 378, 387-92 (1992) (substantive offense and conspiracy to commit that offense are not the same offense for double jeopardy purposes). Of course, the conspiracies and the felon/fugitive in possession charges are clearly different offenses.

4

Jerry Sexton's claim that the Government's "failure" to indict him in Virginia for the machine gun found in South Carolina somehow acts as an acquittal under an estoppel theory. Sexton cites no authority to support this position, nor can we find any.

Accordingly, we affirm the district court's order granting in part and denying in part the Sextons' motions to dismiss the South Carolina indictment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5