**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 99-4949

JESSE J. FLOYD,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-98-1015)

Submitted: August 24, 2000

Decided: August 31, 2000

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Scarlett Anne Wilson, OFFICE OF
THE UNITED STATES ATTORNEY, Charleston, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jesse J. Floyd appeals his convictions pursuant to a guilty plea to obstructing, delaying, and affecting commerce by robbery, in violation of 18 U.S.C.A. § 1951(a) (West Supp. 2000); bank robbery, in violation of 18 U.S.C.A. § 2113(a), (d) (West Supp. 2000); and two counts of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000). Floyd's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Floyd has filed a pro se supplemental brief raising three issues. Finding no reversible error, we affirm.

Counsel raises as a potential issue the magistrate judge's compliance with the mandates of Fed. R. Crim. P. 11.* After a thorough review of the transcript of the Rule 11 hearing, we find that the magistrate judge fully complied with Rule 11 in accepting Floyd's guilty plea. See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (stating standard of review).

In his pro se supplemental brief, Floyd first asserts that the absence of a signature on the indictment is a fatal error (the signature lines were marked with "/s/"). We disagree. See United States v. Easton, 937 F.2d 160, 162 (5th Cir. 1991) (finding that requirement that government attorney sign indictment is nonjurisdictional); United States v. Hobby, 702 F.2d 466, 470-71 (4th Cir. 1983) ("The failure of a federal grand jury foreman to carry out those ministerial duties placed upon him by [Fed. R. Crim. P.] 6(c) generally will not invalidate an

_____

*Floyd consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C.A. § 636 (West 1994 & Supp. 2000), for the purposes of accepting his guilty plea.

2

indictment."), aff'd, 468 U.S. 339 (1984). Floyd's claim therefore is foreclosed by his valid guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Next, contrary to Floyd's assertion that his convictions under § 1951(a) and § 924(c) violate the Double Jeopardy Clause, there is no violation. Each offense requires proof of an element the other does not. See United States v. Williams, 155 F.3d 418, 419-20 (4th Cir.) (applying test established in Blockburger v. United States, 284 U.S. 299, 304 (1932)), cert. denied, 525 U.S. 1058 (1998); United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) (outlining elements of § 924(c) offense); United States v. Bailey , 990 F.2d 119, 125 (4th Cir. 1993) (outlining elements of § 1951(a) offense).

Finally, Floyd contends that his conviction for armed bank robbery under § 2113(d) precludes the imposition of an enhanced sentence under § 924(c). We reject his claim. See United States v. Shavers, 820 F.2d 1375, 1377-78 (4th Cir. 1987) (holding that double jeopardy concerns not implicated where defendant is convicted under both § 924(c) and § 2113(d)).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Floyd's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3