**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4222**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JEFFREY GREGORY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:13-cr-00334-JFM-1)

———————

Submitted: January 20, 2016        Decided: February 4, 2016

———————

Before NIEMEYER and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Between 2008 and 2009, Jeffrey Gregory, along with a coconspirator, engaged in a series of straw firearm purchases. Because Gregory was a convicted felon, he was unable to legally purchase the firearms. Gregory's coconspirator filled out the paperwork required to purchase the firearms, then transferred the firearms to Gregory. As a result of these straw purchases and other illegal activities, Gregory was indicted for numerous charges in federal court. In 2010, pursuant to a plea agreement, Gregory pled guilty to possession of a Ruger .45 caliber firearm by a felon, in violation of 18 U.S.C. § 922(g) (2012), and possession of an Intratec 9mm handgun in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (2012).

In 2011, while in federal custody, Gregory was arrested by state authorities and charged with the 2009 first-degree murder of Carlos Botello. The state prosecution was eventually dismissed with prejudice because the state violated the Interstate Agreement on Detainers Act. After the dismissal of the state case, in 2013 the federal government obtained an indictment against Gregory, charging him with, inter alia, making a false statement in connection with the acquisition of the Ruger .45 caliber handgun, in violation of 18 U.S.C. § 922(a)(6) (2012), and possession of a separate firearm by a felon, in violation of 18 U.S.C. § 922(g).

Gregory moved to dismiss these counts based on alleged Fifth Amendment due process and double jeopardy violations. After the district court denied Gregory's motions, Gregory entered into a conditional Rule 11(c)(1)(C) plea agreement with the Government, wherein he reserved his right to appeal the denial of his motions to dismiss. On appeal, Gregory argues that his Fifth Amendment due process rights were violated by the lengthy preindictment delay that occurred. He further argues that the Fifth Amendment Double Jeopardy Clause was violated by his conviction for false statements in connection with the acquisition of the Ruger handgun. For the reasons that follow, we affirm.

We review due process claims de novo. United States v. Westbrooks, 780 F.3d 593, 595 (4th Cir. 2015). The Fifth Amendment Due Process Clause requires dismissal of an indictment if it is shown that a "pre-indictment delay . . . caused substantial prejudice to [a defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." United States v. Marion, 404 U.S. 307, 324 (1971). We conduct "a two-pronged inquiry to evaluate a defendant's claim that pre-indictment delay violated his right to due process." United States v. Uribe-Rios, 558 F.3d 347, 358 (4th Cir. 2009). First, we examine "whether the defendant has satisfied his burden of proving actual prejudice" and, if so, we

3

consider "the government's reasons for the delay, balancing the prejudice to the defendant with the Government's justification for delay." Id. (internal quotation marks omitted).

In evaluating the first prong, we are mindful that the defendant bears a "heavy burden" because he must demonstrate "actual prejudice, as opposed to mere speculative prejudice," and must "show that any actual prejudice was substantial—that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected." United States v. Shealey, 641 F.3d 627, 633-34 (4th Cir. 2011) (internal quotation marks omitted).

Gregory does not point to any trial prejudice to support his due process claim. Rather, he argues that the preindictment delay harmed his ability to negotiate concurrent sentences on his various federal charges. Gregory argues that, in light of the importance of plea bargaining in the resolution of federal criminal proceedings, this court should recognize such prejudice as sufficient to support a due process claim premised on preindictment delay. We have previously addressed, and rejected, such arguments. See Uribe-Rios, 558 F.3d at 358.

To the extent that Uribe-Rios is factually distinguishable from Gregory's case, we find those distinctions to be irrelevant to the prejudice analysis. Moreover, the cases cited by Gregory to support his argument that Uribe-Rios is outdated are Sixth Amendment rather than Fifth Amendment cases, and are therefore of little help in evaluating claims of preindictment delay. We therefore conclude that Gregory's due process claim is without merit.

Double jeopardy claims are likewise reviewed de novo. United States v. Studifin, 240 F.3d 415, 418 (4th Cir. 2001). The Double Jeopardy Clause prohibits "successive prosecutions for the same offense as well as the imposition of cumulative punishments for the same offense in a single criminal trial." United States v. Shrader, 675 F.3d 300, 313 (4th Cir. 2012) (internal quotation marks omitted). Where a case involves multiple charges, the Double Jeopardy Clause is not offended where each charge requires proof of a distinct element. See Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Ayala, 601 F.3d 256, 265 (4th Cir. 2010).

Gregory acknowledges that, applying the Blockburger test, his second prosecution is permissible. He therefore argues that we should look instead to the double jeopardy test applied in Jordan v. Virginia, 653 F.2d 870, 873 (4th Cir. 1980), and Rashad v. Burt, 108 F.3d 677 (6th Cir. 1997). We have

5

previously repudiated these cases, <u>United States v. Williams</u>, 155 F.3d 418, 420-21 (4th Cir. 1998), and find no reason to revisit that repudiation.   Our decision in <u>Williams</u> likewise forecloses Gregory's remaining double jeopardy arguments.   <u>Id.</u> at 420-22.

Accordingly, we affirm the district court's judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6