**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4764**

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

TAMNY WESTBROOKS,

        Respondent - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:09-mc-00191-RJC-1)

Argued: December 9, 2014        Decided: March 13, 2015

Before TRAXLER, Chief Judge, and GREGORY and AGEE, Circuit Judges.

Affirmed by published opinion. Judge Gregory wrote the opinion, in which Chief Judge Traxler and Judge Agee joined.

**ARGUED**: Brian D. Boone, ALSTON & BIRD LLP, Charlotte, North Carolina, for Appellant. William Michael Miller, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF**: Ross Hall Richardson, Acting Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina; E. Bowen Reichert Shoemaker, ALSTON & BIRD LLP, Atlanta, Georgia, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

GREGORY, Circuit Judge:

Appellant Tamny Westbrooks appeals her criminal contempt conviction under 18 U.S.C. § 401(3) for failure to comply with a grand jury subpoena. Westbrooks contends that the district court violated her due process rights by requiring her to prove her advice-of-counsel defense. Because we find that the court did not impermissibly shift the burden of proof to Westbrooks, we affirm Westbrooks's conviction.

**I.**

In the fall of 2008, the Internal Revenue Service ("IRS") issued summonses to Westbrooks and "Jane Doe"[1] as part of an administrative tax investigation of "the Business." Both Westbrooks and Doe had filed tax returns representing themselves as the owner of the Business. When Westbrooks and Doe declined to provide any records, lead investigator Special Agent William Quattlebaum obtained a search warrant for the Business's premises. The warrant allowed agents to seize general business records and certain clients' tax returns and tax-related information, but it did not authorize the seizure of accounting

---

[1] In the interest of protecting the confidentiality of the underlying grand jury proceedings, we do not refer to Westbrooks's alleged co-owner or business by their proper names. See Fed. R. Crim. P. 6(e); In re Grand Jury, John Doe No. G.J. 2005-2, 478 F.3d 581, 583 n.1 (4th Cir. 2007).

2

records, other client tax files, or tax-related employment forms.

IRS agents executed the search warrant on April 14, 2009, and seized approximately 90% of the paper records stored at the Business office. In order to obtain certain records that it believed were either excluded from the warrant or not located on the premises, the IRS converted the administrative investigation into a grand jury investigation in August 2009. On September 29, 2009, the grand jury issued a subpoena to Westbrooks and to Doe, individually and as custodians of records for the Business, requiring them to produce: "Any, and all, records relevant to [the Business], including, but not limited to" seven specific categories of records.

Frederic Williams, Westbrooks's attorney, wrote to government counsel stating that Westbrooks was not the custodian for the Business and that she would assert her Fifth Amendment privilege with respect to producing documents associated with the Business and when testifying before the grand jury.[2] Westbrooks appeared before the grand jury on October 21, 2009. She testified that although she had represented herself as the chief financial officer of the Business on a Schedule C form, she was not the owner or even an employee of the Business but

---

[2] Williams wrote a similar letter on behalf of Doe.

was, rather, a subcontractor. She also produced a packet of materials comprised primarily of unopened mail and refund checks for clients.

Two weeks later, the government moved for an order to show cause as to why Westbrooks should not be held in contempt for failure to comply with the subpoena. Agent Quattlebaum attested in an affidavit that most of the documents Westbrooks had provided were not responsive, and that Westbrooks had not produced most of the kinds of documents "which, in [his] experience, would be maintained by an ongoing business operation." The district court ordered Westbrooks to appear for a show-cause hearing.

At the hearing, Westbrooks testified that she did not produce other materials responsive to the subpoena because Williams had advised her that the government "had everything," and because, before her court appearance, Williams had told her to go to the Business office, secure it, and bring to court any mail that had arrived. She also testified that some of the documents the IRS sought did not exist. Ultimately, the district court found Westbrooks guilty of criminal contempt. Westbrooks moved for a new trial on the ground that the district court, in unexpectedly assigning her the burden of proving her advice-of-counsel defense, had not afforded her a sufficient opportunity to present supporting evidence. Specifically, she

4

sought to introduce testimony from her attorney. The court denied the motion, finding that "[t]he defendant was invited to and should have presented all evidence relevant to an advice of counsel defense during her case-in-chief . . . ." J.A. 428. Westbrooks was fined $500. She timely appealed.

## II.

On appeal, Westbrooks argues that the district court improperly assigned her the burden of proving her advice-of-counsel defense, a burden she claims belonged to the government because such a defense negates the willfulness element of criminal contempt. We review questions of law de novo. United States v. Han, 74 F.3d 537, 540 (4th Cir. 1996). The government, however, urges us to apply a plain-error standard of review because Westbrooks failed to preserve her due process argument for appeal. See United States v. Jones, 716 F.3d 851, 855 (4th Cir. 2013) ("We generally limit our review of claims not properly preserved in the district court to plain error.").

"To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal." United States v. Zayyad, 741 F.3d 452, 459 (4th Cir. 2014). In her motion for a new judgment, Westbrooks argued that she had not expected to bear the burden of proving her advice-of-counsel defense, and that therefore she had not had a fair

opportunity to present evidence satisfying that burden. J.A. 371-74. She did not challenge the district court's assignment of the burden. See id. In her reply memorandum in support of her motion, however, she explicitly argued that the court had "impermissibly shifted the burden to the defense to disprove the element of willfulness, in violation of In re Winship, 397 U.S. 358 (1970)," which held that due process requires the prosecution to bear the burden of proving guilt beyond a reasonable doubt. J.A. 417-18; see also Winship, 397 U.S. at 364. Therefore, Westbrooks preserved her due process claim, and we review it de novo.

## III.

A court may punish "contempt of its authority" such as "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). One may be found in contempt under § 401(3) only if she "willfully violated a decree that was clear and left no uncertainty in the minds of those that heard it." In re Gates, 600 F.3d 333, 338 (4th Cir. 2010) (emphasis in original). This Court has indicated that "[a]dvice of counsel may be a defense in a criminal contempt proceeding because it negates the element of

6

willfulness." In re Walters, 868 F.2d 665, 668 (4th Cir. 1989).[3] And the Supreme Court has made it clear that "[t]he [government] is foreclosed from shifting the burden of proof to the defendant . . . when an affirmative defense . . . negate[s] an element of the crime." Smith v. United States, 133 S. Ct. 714, 719 (2013) (internal quotation marks omitted). Therefore, Westbrooks argues that the district court erred by assigning her the burden of proving her advice-of-counsel defense. The government raises two objections to this argument. First, it contends that an advice-of-counsel defense is not available for a failure to comply with an "unambiguous" subpoena. Second, it argues that, contrary to Westbrooks's claim, the district court properly placed the burden on the government. We do not reach the issue of whether the advice-of-counsel defense applies, because we find that the district court did not require

---

[3] Walters was a case involving civil contempt, which does not include a willfulness element. Therefore, the Walters Court's observation that reliance on counsel may serve as a defense to criminal contempt was not central to its holding. Other circuits have discussed the extent to which an advice-of-counsel defense applies to criminal contempt. See, e.g., United States v. Remini, 967 F.2d 754, 757 (2d Cir. 1992); United States v. Armstrong, 781 F.2d 700, 706 (9th Cir. 1986); United States v. Seavers, 472 F.2d 607, 611 (6th Cir. 1973); In re Eskay, 122 F.2d 819, 822 n.17 (3d Cir. 1941). Because we affirm Westbrooks's conviction on other grounds, we leave that discussion for another day.

Westbrooks to shoulder the burden of proving willfulness. We therefore affirm Westbrooks's conviction.

This Court has held in other contexts that to be entitled to an advice-of-counsel defense, "the <u>defendant</u> must establish (a) full disclosure of all pertinent facts to an attorney, and (b) good faith reliance on the attorney's advice." <u>United States v. Powell</u>, 680 F.3d 350, 356 (4th Cir. 2012) (emphasis added) (internal quotation marks and alterations omitted). This is not inherently inconsistent with <u>Smith</u>'s pronouncement that the government must bear the burden of proof: a burden of production to establish a prima facie defense is distinct from the ultimate burden of proving an element of an offense beyond a reasonable doubt. <u>See</u> <u>United States v. Gorski</u>, 36 F. Supp. 3d 256, 267-68 (D. Mass. 2014) (discussing burden shifting in the context of an advice-of-counsel defense). Therefore, although the government must <u>prove</u> the element of willfulness, the court may require the defendant to <u>produce</u> evidence supporting the advice-of-counsel defense.

That is all the district court did in this case. When issuing its verdict, the court clearly stated that the government bore the ultimate burden of proving the elements of criminal contempt. <u>See</u> J.A. 359 ("[T]he burden is on the government to prove beyond a reasonable doubt that each of the elements of . . . criminal contempt have [sic] been

8

established."); J.A. 365 ("So having found the Government established the elements of criminal contempt beyond a reasonable doubt, and that the affirmative defenses of mistaken construction of [sic] advice of counsel are not warranted by these facts, the Court will find Ms. Westbrooks in criminal contempt.").

The court also explained its conclusion that the advice-of-counsel defense did not apply:

> [T]he second affirmative defense is the advice of counsel[. T]o be available, the following two things must be proved: A full disclosure of all pertinent facts to an expert and good faith reliance on the expert's advice. There's little evidence produced today of what actually was told to the attorney, in terms of receiving the advice, other than bringing the subpoena to the attorney. There was no evidence of a comparison of the subpoena to the earlier issue and different search warrant. And there was likewise no testimony from the attorney, and no indication in the previous testimony of the defendant, that she was relying upon the advice of counsel . . . for her reasons for her conduct before the grand jury. The Court finds that the first predicate for the advice of counsel, full disclosure of all pertinent facts, has not been established. And so the Court will find that the advice of counsel defense is not warranted in this case.

J.A. 365. In sum, the court found Westbrooks's evidence insufficient to establish a prima facie advice-of-counsel defense. Clearly a court must be able to consider a defendant's reliability and the strength of her evidence in determining whether she has met her burden of production regarding an affirmative defense. Such evaluation does not shift the

9

ultimate burden of proof.  Here, the district court analyzed Westbrooks's testimony, including her statement that she did not disclose to her lawyer the 10% of paper records the IRS left behind when it executed the search warrant, J.A. 282, and concluded that Westbrooks failed to establish "full disclosure of all pertinent facts."  It then found that the government had "established the elements of criminal contempt beyond a reasonable doubt."  J.A. 365.  The court did not impermissibly shift the burden of proving willfulness to Westbrooks.

## IV.

For the foregoing reasons, we affirm Westbrooks's conviction.

<u>AFFIRMED</u>

10