**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4458**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SAVINO BRAXTON,

Defendant - Appellant.

**No. 15-4686**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SAVINO BRAXTON,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:15-cr-00408-JKB-1; 1:09-cr-00478-JKB-1)

Submitted: September 16, 2016     Decided: September 30, 2016

Before NIEMEYER, SHEDD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Steven H. Levin, LEVIN & CURLETT, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following remand of this case to the district court,[*] a jury convicted Savino Braxton of possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1) (2012). During trial, the district court also summarily convicted Braxton of contempt, 18 U.S.C. § 401(3) (2012). Braxton was sentenced to 240 months for the drug offense and six months, consecutive, for contempt. He appeals, raising three issues. The appeals have been consolidated. We affirm.

I

Prior to trial, Braxton moved to dismiss the indictment because the Government had destroyed heroin seized from his car and apartment. The district court denied the motion on the ground that there was no evidence that the Government had acted in bad faith. Braxton contends that the destruction of the heroin violated his due process rights. We review de novo a constitutional due process claim. United States v. Legree, 205 F.3d 724, 729 (4th Cir. 2000).

"[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). A finding of bad

---

[*] United States v. Braxton, 784 F.3d 240 (4th Cir. 2015).

faith "requires that the officer . . . intentionally withheld the evidence for the purpose of depriving the plaintiff of the use of that evidence during his criminal trial." Jean v. Collins, 221 F.3d 656, 663 (4th Cir. 2000). If evidence is destroyed by officials who believe the case to have been over, there is no bad faith. United Sates v. Talib, 347 F. App'x 934, 938 (4th Cir. 2009) (No. 08-4288).

Officer Collins testified at a pretrial hearing that the evidence was destroyed at a central DEA laboratory on May 15, 2014 — almost one year after Braxton's first sentencing. Collins further testified that evidence typically is destroyed after sentencing. According to Collins, no one from the U.S. Attorney's Office directed the destruction of the evidence, and he was not aware that any prosecutor knew of its destruction until after it was destroyed. The supervisors who directed the destruction of the evidence had no other involvement in the case. Under these circumstances, we conclude that there was no bad faith and no due process violation.

II

On November 19, 2012, the Government filed an Information and Notice of Government's Intention to Seek Enhanced Minimum Mandatory Sentence, 21 U.S.C. § 851 (2012). The notice stated that, because Braxton was convicted in 1991 of a felony drug offense, the United States would seek the enhanced statutory

4

minimum penalty of twenty years. See 21 U.S.C. § 841(b)(1)(A) (2012). On remand, the Government filed a second § 851 notice, again reciting that Braxton was convicted in 1991 of a felony drug offense and that, if he were convicted of the instant offense, it would seek the enhanced minimum mandatory sentence of twenty years.

Braxton contends that the filing of the second § 851 notice was vindictive and violated his due process rights. We disagree. While a prosecutor acts unconstitutionally when he "responds to a defendant's successful exercise of his right to appeal by bringing a more serious charge against him," United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001), this simply is not what happened here. Following his successful appeal, Braxton was exposed to the same enhanced penalty for the same offense with which he was originally charged.

### III

The district court found Braxton to be in contempt because he knowingly resisted and disobeyed the court's admonitions not to mention the matter of punishment before the jury. Braxton challenges the contempt conviction on two grounds. First, he argues that the conviction cannot stand because the court did not specifically find his conduct to have been "willful." Braxton also claims that his behavior did not warrant a contempt conviction. Because Braxton did not raise these issues before

5

the district court, our review is for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993).

We reject both arguments. The relevant statute states that a court may, in its discretion, punish contempt such as "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). Case law identifies the elements of contempt under § 401(3) as "(1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order." United States v. Allen, 587 F.3d 246, 255 (5th Cir. 2009) (per curiam). "One may be found in contempt under § 401(3) only if [he] willfully violated a decree that was clear and left no uncertainty in the minds of those that heard it." United States v. Westbrooks, 780 F.3d. 593, 595 (4th Cir. 2015) (internal quotation marks omitted).

The district court found that Braxton "disobeyed and resisted knowingly" its order not to raise the issue of punishment before the jury. This, we conclude, is sufficient on plain error review to satisfy the requirement that the defendant acted willfully.

Further, the court clearly warned Braxton at least twice not to mention punishment. Braxton persistently ignored the warnings, which he assured the court he understood. Under these

6

circumstances, the contempt conviction does not constitute plain error.

IV

We therefore affirm. The motions to file a pro se brief and an addendum to the pro se brief are denied. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7