**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4152**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

RODERICK LAUADES BROWN, a/k/a Nick,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Robert J. Conrad,
Jr., District Judge.  (3:14-cr-00147-RJC-DCK-1)

———————

Submitted:  September 29, 2016       Decided:  October 3, 2016

———————

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant.
Amy Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2014, Roderick Lauades Brown received a 26-month sentence based on his guilty plea conviction to possession with intent to distribute cocaine based on conduct occurring in 2007. In 2014, while Brown was serving his 26-month sentence, he entered a guilty plea to two counts of a superseding indictment: conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine (Count 1); and conspiracy to commit money laundering (Count 2), for his conduct in 2011 through 2012. Brown was sentenced to 120 months of imprisonment. Thereafter the district court denied Brown's motion to dismiss the indictment—Brown did not seek to withdraw his guilty plea. On appeal Brown's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but asking whether the district court erred by denying his motion to dismiss the indictment on the grounds of unjustifiable delay.[*] We affirm.

---

[*] In his Anders brief, counsel also notes that Brown waived his right to appeal his conviction and sentence except for circumstances not raised in this appeal. Because the Government fails to seek dismissal of Brown's appeal on this basis, however, we are constrained to address the appeal on the merits. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005) (noting this Court will enforce an appeal waiver where the Government seeks to enforce the appeal waiver and the record establishes the defendant knowingly and intelligently waived his
(Continued)

2

We review due process claims de novo, United States v. Westbrooks, 780 F.3d 593, 595 (4th Cir. 2015), noting that Fifth Amendment Due Process Clause requires dismissal of an indictment if it is shown that a pre-indictment delay caused substantial prejudice to a defendant's rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. United States v. Marion, 404 U.S. 307, 324 (1971). We conduct a two-pronged inquiry to evaluate a defendant's claim that pre-indictment delay violated his right to due process: first we examine whether the defendant has satisfied his burden of proving actual prejudice and, if so, we consider the government's reasons for the delay, balancing the prejudice to the defendant with the Government's justification for delay. United States v. Uribe-Rios, 558 F.3d 347, 358 (4th Cir. 2009). In evaluating the first prong, we are mindful that the defendant bears a "heavy burden" because he must demonstrate "actual prejudice, as opposed to mere speculative prejudice," and must "show that any actual prejudice was substantial—that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected." United States v.

right to appeal under the totality of the circumstances, and the issues raised on appeal fall within the scope of the waiver).

Shealey, 641 F.3d 627, 633-34 (4th Cir. 2011) (internal quotation marks omitted). We find this claim fails as Brown has shown not actual prejudice. Id.

In accordance with the requirements of Anders, we have examined the entire record and have found no meritorious issues, noting that Brown pled guilty pursuant to plea hearing conducted in compliance with Fed. R. Crim. P. 11, and that his sentence was not unreasonable or otherwise erroneous.[†] We therefore affirm the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[†] Our Anders review includes the issues raised in Brown's pro se supplemental brief.

4