**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4527**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAHBOBEH SHARIATI, a/k/a Mahboubeh Shariati,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:15-cr-00296-CMH-1)

Submitted: April 27, 2017                                    Decided: June 2, 2017

Before TRAXLER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Helen Eckert Phillips, PHILLIPS & THOMAS, PLLC, Abingdon, Virginia, for Appellant. Dana J. Boente, United States Attorney, William Guappone, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mahbobeh Shariati appeals her conviction and 30-day sentence for criminal contempt of court, 18 U.S.C. § 401(3) (2012), based on her violations of three bankruptcy court orders. Finding no error, we affirm. Shariati filed a Chapter 11 petition in September 2013; the case was converted to one under Chapter 7 in April 2014. At the time she filed her petition, Shariati and her husband owned certain property in McLean, Virginia. However, because Shariati had transferred the property from herself individually to herself and her husband immediately prior to filing the petition, the trustee moved to avoid the transfer. 11 U.S.C. § 548 (2012). The bankruptcy court entered an order in January 2015 granting the trustee's motion to avoid the transfer, vesting title in the trustee. The order directed Shariati to cooperate with the trustee and his agents in connection with the marketing and sale of the property. Shariati did not appeal the avoidance order.

The trustee enlisted a real estate agent to sell the property. However, Shariati refused to cooperate. Specifically, Shariati failed to respond to communications from the trustee or the real estate agent, failed to provide a set of keys as directed by the court, denied access to the property, and refused to move out. Ultimately, in July 2015, Shariati was physically removed from the property by the Fairfax County Sheriff's Department, with the aid of the U.S. Marshal service. After the property was sold in August 2015, Shariati appeared and disrupted the final inspection. Shariati was twice charged with trespassing. Shariati returned a third time, changed the key on the realtor's lockbox, and was found living in the house. After a hearing, the bankruptcy court held Shariati in civil contempt and referred the matter to the district court to initiate criminal proceedings.

2

Shariati was charged with three counts of criminal contempt for violating three bankruptcy court orders: (1) a March 23, 2015, order directing her to allow the trustee and his agents access to the property; (2) an April 23, 2015, order directing her to vacate the property by May 5, 2015; and, (3) a June 23, 2015, order directing Shariati not to appear on the property, communicate with potential purchasers, or otherwise interfere with the sale of the property.

Court-appointed counsel filed a motion on Shariati's behalf requesting a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), because Shariati insisted on representing herself. The court initially denied the motion, but later allowed Shariati to represent herself with standby counsel. At the conclusion of the contempt hearing, the district court found Shariati guilty of all counts of criminal contempt and sentenced her to 30 days' imprisonment. Shariati appeals.

Shariati raises two arguments on appeal. First, she asserts that the district court erred by failing to consider her arguments regarding her husband's interest in the property. To the extent that Shariati is challenging the sufficiency of the evidence, we find that the evidence clearly supported her conviction. In order to be convicted of criminal contempt under 18 U.S.C. § 401(3), the court must find: "(1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order." *United States v. Allen*, 587 F.3d 246, 255 (5th Cir. 2009) (per curiam). "One may be found in contempt under § 401(3) only if [she] willfully violated a decree that was clear and left no uncertainty in the minds of those that heard it." *United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015) (internal quotation marks omitted). The evidence here amply supported each of

3

these elements. Each of the orders issued by the bankruptcy court clearly specified what was expected of Shariati, she clearly violated each of those orders, and willfully did so.

To the extent that Shariati argues that she should have been allowed to introduce evidence of her husband's ownership interest in the property, that evidence was not relevant to the district court's findings as to her violations of the bankruptcy court's orders. Moreover, any evidence concerning her husband's interest in the property was properly addressed in the transfer avoidance proceeding and Shariati failed to appeal that order.

Second, Shariati claim that the district court erred in finding that she waived her right to counsel. We review de novo a district court's determination that a defendant has waived her right to counsel. *United States v. Owen*, 407 F.3d 222, 225 (4th Cir. 2005). A defendant "may waive the right to counsel and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely." *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013); *see Faretta v. California*, 422 U.S. 806, 835 (1975).

Our review of the record reveals that the district court fully complied with *Faretta* in granting Shariati's motion to proceed pro se after a thorough hearing. Shariati first appeared in district court on January 8, 2016, on a show cause order, and was appointed counsel from the federal public defender's office. When she returned on January 22, 2016, Shariati informed the court that she wished to proceed without counsel and to represent herself. The court advised counsel to remain until a February 26, 2016, status hearing, at which time Shariati again expressed her desire to represent herself. Counsel filed a motion for a hearing pursuant to *Faretta*, noting that "in addition to her statements through counsel

4

in open court, Ms. Shariati has filed more than a dozen pleadings on her own behalf and unequivocally informed undersigned counsel that she wishes to proceed without counsel." The motion was denied, but the district court agreed to consider the issue again at trial, if necessary. At trial, Shariati again insisted on self-representation. The district court conducted a *Faretta* inquiry and allowed Shariati to proceed pro se, with standby counsel. Shariati clearly, unequivocally, and knowingly, waived her right to an attorney and, therefore, the district court did not err in allowing her to proceed pro se.

Accordingly, we affirm Shariati's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*