**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6438**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK LAMONT EVANS, a/k/a Shank, a/k/a Dechee Dan, a/k/a Big Head, a/k/a
Debo,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at
Abingdon.  James P. Jones, District Judge.  (1:08-cr-00024-JPJ-1)

Submitted: January 9, 2020                    Decided:  February 25, 2020

Before HARRIS and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Roanoke, Virginia, Brian J. Beck, Assistant
Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon,
Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia,
Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Evans appeals the district court's order denying his motion for relief pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Evans contends, for the first time on appeal, that the district court erred in determining that his sentence was imposed in accordance with the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372, because his term of supervised release exceeds the statutory maximum authorized by the FSA. Finding no plain error, we affirm.

"To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal." *United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015) (internal quotation marks omitted). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015) (internal quotation marks omitted). We agree with the Government that, even assuming the district court erred by imposing an excessive term of supervised release, that error was not plain. *See United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) ("At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." (brackets and internal quotation marks omitted)).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*