**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4013**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMAR A. WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:18-cr-00413-TDC-1)

Submitted:  April 23, 2020                                   Decided:  April 29, 2020

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven P. Hanna, Richmond, Virginia, for Appellant.  Leah Blom Grossi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar A. Williams appeals his conviction and sentence for criminal contempt, in violation of 18 U.S.C. § 401(3) (2018). On appeal, Williams' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether sufficient evidence supports Williams' conviction. Williams has filed a pro se supplemental brief. We affirm.

Because Williams did not make a Fed. R. Crim. P. 29 motion at trial, we review his sufficiency of the evidence claim for plain error. *United States v. Wallace*, 515 F.3d 327, 331-32 (4th Cir. 2008). Accordingly, Williams must show that there was error, that the error was plain, and that the error affected his substantial rights. *Id.* In resolving a sufficiency of the evidence claim, we must determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Palacios*, 677 F.3d 234, 248 (4th Cir. 2012).

"One may be found in contempt under § 401(3) only if [he] willfully violated a decree that was clear and left no uncertainty in the minds of those that heard it." *United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015) (internal quotation marks omitted. "Criminal intent is an essential element of the offense." *In re Gates*, 600 F.3d 300, 339 (4th Cir. 2010) (internal quotation marks omitted).

We have reviewed the record and conclude that sufficient evidence exists to support Williams' conviction. The district court's orders clearly prohibited Williams from contacting the court outside of formal filings in his civil case. The orders also clearly stated the consequences of noncompliance. The record demonstrates that Williams knew of the

2

orders but defiantly chose to contact chambers. The orders remained in force after the district court granted summary judgment. They contained no time limitation and the parties continued to make filings in the district court after summary judgment.

In his pro se supplemental brief, Williams argues that the district court violated his Sixth Amendment rights by denying him a jury trial. Criminal contempt involving imprisonment of more than six months entitles the contemnor to a jury trial, but contempt involving imprisonment of no more than six months does not. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826-27 (1994). Here, all parties agreed that Williams would not be subject to incarceration greater than six months. The court imposed a penalty of 47 days. Accordingly, Williams was not entitled to a jury trial.

We have reviewed Williams' remaining claims and find them without merit. In accordance with *Anders*, we have also reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny Williams' amended motion for miscellaneous relief. This court requires that counsel inform Williams, in writing, of his right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*