**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4129**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARIUS COTY WHITAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:17-cr-00024-H-1)

Submitted:  April 17, 2020                    Decided:  May 15, 2020

Before AGEE, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan Dubois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Coty Whitaker pled guilty, pursuant to a written plea agreement, to one count of brandishing a firearm in furtherance of a crime of violence, and one count of discharging a firearm in furtherance of a crime of violence, both in violation of 18 U.S.C. § 924(c) (2018). Whitaker's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether Hobbs Act robbery qualifies as a crime of violence under § 924(c). Although notified of his right to do so, Whitaker has not filed a pro se supplemental brief. We affirm Whitaker's convictions.

While counsel questions whether Whitaker's predicate crimes of violence were Hobbs Act robberies, our review of the record leads us to conclude that the predicates were attempted Hobbs Act robberies. We normally "review de novo the question whether an offense qualifies as a crime of violence." *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir.), *cert. denied*, 140 S. Ct. 639 (2019), *and cert. denied*, 140 S. Ct. 640 (2019). However, Whitaker never argued that attempted Hobbs Act robbery did not qualify as a crime of violence under § 924(c). "To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal." *United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015) (internal quotation marks omitted). Therefore, we review Whitaker's argument for plain error. To prevail under the plain error standard, Whitaker "must show (1) an error that (2) was clear or obvious, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *United*

2

*States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (alteration and internal quotation marks omitted).

> A crime of violence for § 924(c) purposes is defined as:
>
> an offense that is a felony and . . . (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or (B) that[,] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

18 U.S.C. § 924(c)(3). We have held that the residual clause is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 237 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019); *accord United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). We have also held that Hobbs Act robbery qualifies as a crime of violence under the force clause. *Mathis*, 932 F.3d at 266. While we did not address attempted Hobbs Act robbery in *Mathis*, the Eleventh Circuit has concluded that this offense qualifies as a crime of violence under the force clause. *United States v. St. Hubert*, 909 F.3d 335, 352-53 (11th Cir. 2018), *abrogated on other grounds by Davis*, 139 S. Ct. at 2336, *cert. denied*, 139 S. Ct. 1394 (2019), *and pet. for cert. filed*, No. 19-5276 (U.S. July 23, 2019). In light of *Mathis* and *St. Hubert*, we conclude that Whitaker cannot establish plain error. *See United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) ("At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." (alterations and internal quotation marks omitted)); *United States v. Rouse*, 362 F.3d 256, 263 (4th Cir. 2004) (recognizing, in absence of Supreme Court or Fourth Circuit authority, "decisions by other circuit courts of appeals are pertinent to the question of whether an error is plain" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Whitaker, in writing, of the right to petition the Supreme Court of the United States for further review. If Whitaker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Whitaker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*