**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4231**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARIUS ERIC WILDER,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:17-cr-00528-GJH-1)

Submitted: October 30, 2020               Decided: November 13, 2020

Before GREGORY, Chief Judge, and NIEMEYER and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Paresh S. Patel, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Nicholas A. Handler, New York, New York, Masha G. Hansford, Alessandra N. Baniel-Stark, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Washington, D.C., for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Jennifer R. Sykes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Eric Wilder was convicted of arson affecting interstate commerce, in violation of 18 U.S.C. § 844(i) ("federal arson"), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), (B)(ii). The district court sentenced him to 420 months' imprisonment. On appeal, Wilder argues that (1) his § 924(c) conviction must be vacated because it is not supported by a valid predicate crime of violence; (2) the district court abused its discretion by admitting evidence of his prior conduct; (3) the district court abused its discretion by instructing the jury that it could infer guilt from flight; and (4) even if the court's errors were harmless, his § 844(i) conviction should nevertheless be vacated due to cumulative error. We vacate Wilder's conviction and sentence under § 924(c), affirm his conviction under § 844(i), and remand for resentencing.

We review de novo the legal question of whether an offense qualifies as a crime of violence. *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019). However, because Wilder never argued in the district court that federal arson did not qualify as a crime of violence and therefore did not preserve that argument for appeal, our review is for plain error only. *United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015) ("To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal." (internal quotation marks omitted)). To be entitled to relief, Wilder therefore must establish (1) an error, (2) that was plain, and (3) that affected his substantial rights. *United States v. Coston*, 964 F.3d 289, 294 (4th Cir. 2020).

A crime of violence for § 924(c) purposes is defined as:

2

an offense that is a felony and . . . (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or (B) that[,] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

18 U.S.C. § 924(c)(3). We have held that the residual clause is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 237 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019); *accord United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Thus, an offense must satisfy the force clause to be considered a crime of violence under this statute. Here, Wilder and the Government agree that federal arson does not do so. However, "we are not bound by the government's concession of error," *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020), and even when the Government "concedes the correctness of [the] defendant's view of the law" on appeal, we must still carry out our duty "to examine independently the errors confessed," *United States v. Brainer*, 691 F.2d 691, 693 (4th Cir. 1982) (internal quotation marks omitted).

We nevertheless agree that federal arson is not a crime of violence under the force clause. Under that clause, a felony offense is considered a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property *of another*." 18 U.S.C. § 924(c)(3)(A) (emphasis added). As the Supreme Court has noted, similar statutes defining "crime of violence" do not apply to arson statutes that "defin[e] that crime to include the destruction of one's own property." *Torres v. Lynch*, 136 S. Ct. 1619, 1630 (2016) (discussing 18 U.S.C. § 16(a)). However, the federal arson statute plainly applies to certain attempts to damage or destroy "*any* building, vehicle, or other real or personal property used in interstate . . . commerce," 18 U.S.C. § 844(i)

3

(emphasis added), and we have upheld convictions under that statute for the destruction of a defendant's own property, *see, e.g.*, *United States v. Parsons*, 993 F.2d 38, 39 (4th Cir. 1993). Accordingly, as our sister courts have acknowledged, federal arson is not a crime of violence under the force clause of § 924(c). *See, e.g.*, *United States v. Salas*, 889 F.3d 681, 683-84 (10th Cir. 2018). We therefore conclude that Wilder's § 924(c) conviction was plainly erroneous and affected his substantial rights. Furthermore, because the improper conviction "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings," *United States v. McCain*, 974 F.3d 506, 514 (4th Cir. 2020) (internal quotation marks omitted)—and both parties agree that Wilder's § 924(c) conviction is invalid—we exercise our discretion to correct the error and therefore vacate the conviction and attendant sentence.

With respect to Wilder's § 844(i) conviction, Wilder first argues that his conviction must be vacated because the district court abused its discretion by admitting evidence of his prior bad acts as intrinsic to the arson. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018). Federal Rule of Evidence 404(b) "allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). However, "Rule 404(b) does not affect the admission of evidence that is intrinsic to the alleged crime." *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020) (internal quotation marks omitted). Accordingly, "[w]here testimony is admitted as to acts

intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." *Id.* (internal quotation marks omitted).

Prior bad acts are "intrinsic to the charged offense when they are inextricably intertwined" with that offense, meaning the prior bad acts "form an integral and natural part of the witness's accounts of the circumstances surrounding the charged offense." *United States v. Denton*, 944 F.3d 170, 186 (4th Cir. 2019) (brackets and internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2585 (2020). Additionally, "[e]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial." *Webb*, 965 F.3d at 266 (internal quotation marks omitted). Our review of the record and the relevant authorities leads us to conclude that the district court did not abuse its discretion by determining the evidence of Wilder's prior conduct was intrinsic to the crime charged.

Additionally, to be admissible under Fed. R. Evid. 403, such "evidence's probative value [must] not be substantially outweighed by its unfair prejudice to the defendant." *Sterling*, 860 F.3d at 247; *see also United States v. Bajoghli*, 785 F.3d 957, 966 (4th Cir. 2015) (noting that intrinsic evidence "should be excluded only sparingly" under Rule 403). "Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Basham*, 561 F.3d 302, 327 (4th Cir. 2009) (internal quotation marks omitted). Conduct evidence is unfairly prejudicial when, for example, "it inflames the jury or encourages them to draw an inference against the defendant, based solely on a judgment about the defendant's criminal character or wicked disposition." *Sterling*, 860

5

F.3d at 248. After reviewing the record and relevant authorities, we also conclude that the evidence of Wilder's prior conduct was admissible under Rule 403. Accordingly, we conclude that the district court did not abuse its discretion by admitting that evidence.

Next, Wilder argues that his federal arson conviction must be vacated because the district court abused its discretion by instructing the jury that it could infer consciousness of guilt from his flight from officers attempting to arrest him. "We review both the decision to give . . . a jury instruction and the content of an instruction for abuse of discretion." *United States v. Savage*, 885 F.3d 212, 222 (4th Cir. 2018) (internal quotation marks omitted). "[I]n appropriate circumstances, a consciousness of guilt may be deduced from evidence of flight." *United States v. Obi*, 239 F.3d 662, 665 (4th Cir. 2001). However, "the jury's consideration of evidence of flight requires that it be able, from the evidence, to link such flight to consciousness of guilt of the crime for which the defendant is charged." *Id.* "This requires evidence supporting all the inferences in the causative chain between flight and guilt." *Id.*

> [T]here must be evidence that the defendant fled or attempted to flee and that supports inferences that (1) the defendant's flight was the product of consciousness of guilt, and (2) his consciousness of guilt was in relation to the crime with which he was ultimately charged and on which the evidence is offered.

*United States v. Jeffers*, 570 F.3d 557, 568 (4th Cir. 2009) (internal quotation marks omitted). The Government bears the burden of "adequately [substantiating] the inference that [the] defendant was aware he was wanted for the [charged] crime." *United States v. Beahm*, 664 F.2d 414, 420 (4th Cir. 1981). After reviewing the record and relevant

6

authorities, we conclude that the district court did not abuse its discretion by giving the flight instruction to the jury.

Finally, Wilder asserts that the cumulative effect of the alleged errors rendered his trial fundamentally unfair. "Pursuant to the cumulative error doctrine, the cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error." *United States v. Runyon*, 707 F.3d 475, 520 (4th Cir. 2013) (internal quotation marks omitted). Because we conclude that the district court did not commit any error in admitting the evidence of Wilder's conduct or when instructing the jury, Wilder's cumulative error argument must fail.

Accordingly, we vacate Wilder's conviction and sentence under § 924(c), affirm Wilder's conviction under § 844(i), and remand for resentencing.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*
*IN PART, AND REMANDED*

---

[*] *See, e.g.*, *United States v. Taylor*, __ F.3d __ , __ , 2020 WL 6053317, at *5 (4th Cir. Oct. 14, 2020) (remanding for resentencing on predicate offense after vacating § 924(c) conviction).

7